IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DUTCHMAID LOGISTICS, INC., et al. : | CASE NO. 2:16-cv-00857 |
| Plaintiffs, : | |
| : | JUDGE |
| v. : | |
| : | **NOTICE OF REMOVAL** |
| NAVISTAR, INC. : | |
| Defendant. : | |

Defendant Navistar, Inc. ("Navistar") hereby gives notice of removal of this action from the Court of Common Pleas, Licking County, Ohio, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and states as follows:

1. Navistar is the named defendant in a civil action filed in and presently pending before the Court of Common Pleas, Licking County, Ohio, styled *Dutchmaid Logistics, Inc. et al. v. Navistar, Inc.*, Case No. 15CV0129 ("State Court Action"). True and accurate copies of the Complaint and First Amended Complaint are attached as Exhibits "A" and "B."

**PRELIMINARY PROCEDURAL HISTORY**

2. Plaintiffs Dutchmaid Logistics, Inc. ("Dutchmaid"), Mark R. Lewis, LLC, d/b/a Mark Lewis Trucking ("Mark Lewis"), and PCM Transport, LLC ("PCM") (collectively "Plaintiffs") commenced the State Court Action by filing their Complaint on February 14, 2015. Plaintiffs filed an Amended Complaint on July 19, 2016. A true and accurate copy of the Licking County Clerk of Courts' online case docket identifying the dates of filing and service is attached as Exhibit "C."

3. Plaintiffs named as defendants both Navistar and Truck Sales & Service, Inc. ("Truck Sales").

4. On or about September 2, 2016, Plaintiffs voluntarily dismissed all claims against Truck Sales, leaving Navistar as the only Defendant remaining in this action. A true and accurate copy of Plaintiffs' Notice of Partial Voluntary Dismissal is attached as Exhibit "D."

## **COMPLETE DIVERSITY BETWEEN THE PARTIES**

5. Plaintiff Dutchmaid is, and was at the time this action was commenced, an Ohio corporation with its principal place of business located in Willard, Huron County, Ohio. (Ex. B, at ¶ 1).

6. Plaintiff PCM is, and was at the time this action was commenced, an Ohio limited liability company with its principal place of business located in Coschocton, Coschocton County, Ohio. (*Id.*, at ¶ 2).

7. Plaintiff Mark Lewis is, and was at the time this action was commenced, an Ohio limited liability company with its principal place of business located in Hopedale, Harrison County, Ohio. (*Id.*, at ¶ 3).

8. Defendant Navistar is, and was at the time this action was commenced, a Delaware corporation with its principal place of business in Lisle, Illinois. (*Id.*, at ¶ 4).

9. Former Defendant Truck Sales is, and was at the time this action was commenced, an Ohio corporation with its principal place of business in Midvale, Tuscarawas County, Ohio. (*Id.*, at ¶ 5).

10. As Truck Sales is no longer a party to the State Court Action, complete diversity exists between the remaining parties.

**CLAIMS AGAINST NAVISTAR AND FORMER DEFENDANT TRUCK SALES**

11. Plaintiffs' causes of action arise from their individual purchases of International ProStar trucks containing MaxxForce engines (the "Subject Trucks") from three separate entities between January 2011 and July 2012.

12. Plaintiff Dutchmaid purchased 20 Subject Trucks from former Defendant Truck Sales, an authorized International dealer, through four separate transactions that took place at Truck Sales' Mansfield, Ohio location between January 2011 and July 2012.

13. Plaintiff Mark Lewis purchased five Subject Trucks from non-party Hill International Trucks, N.A., LLC ("Hill"), an authorized International dealer, at Hill's East Liverpool, Ohio location in or about October 2011.

14. Plaintiff PCM purchased two Subject Trucks from Navistar at its International Used Truck Center in Etna, Ohio in or about May 2011.

15. All Plaintiffs asserted each of the following causes of action against both Navistar and Truck Sales: (1) breach of express warranty; (2) breach of implied warranty; (3) breach of contract; (4) fraudulent misrepresentation; and (5) fraud by nondisclosure. All of the foregoing claims are still pending against Navistar.

16. Plaintiffs named only Navistar and Truck Sales as defendants in the State Court Action. Although Plaintiffs allege that Mark Lewis purchased its Subject Trucks from Hill, Plaintiffs inexplicably chose not to name Hill as a defendant in the State Court Action.  (Of course, Plaintiffs only needed one Ohio defendant to destroy complete diversity at the time they commenced this action).

17. As neither Plaintiff PCM nor Plaintiff Mark Lewis allege to have purchased Subject Trucks from former Defendant Truck Sales, neither Plaintiff PCM nor Plaintiff Mark Lewis had colorable claims against Truck Sales. (*See* Exs. A and B, at ¶¶ 25-26).

### PLAINTIFFS' FAILURE TO LITIGATE AGAINST FORMER DEFENDANT TRUCK SALES

18. Since the commencement of this action, Plaintiffs have vigorously litigated their claims against Navistar. However, Plaintiffs did nothing or almost nothing to actively litigate their claims against former Defendant Truck Sales prior to their voluntary dismissal of Truck Sales on September 2, 2016.

19. Between August 31, 2015 and May 16, 2016, Plaintiffs served four separate sets of discovery requests on Navistar. These requests contained a total of 328 requests for production and 47 unique interrogatories. In response to Plaintiffs' discovery requests, Navistar has produced over 1.5 million pages of documents, including 13,888 pages of documents specific to Plaintiffs in the State Court Action.

20. In addition, Plaintiffs have deposed seven Navistar witnesses in the State Court Action, totaling almost 32 hours of testimony. And, Plaintiffs have sought to depose corporate representatives from Navistar on over 20 topics in a letter from Plaintiffs' counsel dated March 22, 2016. A true and accurate copy of this letter is attached as Exhibit "G."

21. By comparison, Plaintiffs served **one** set of discovery requests on Truck Sales on or about August 31, 2015, more than a half a year after filing suit. This sole set of discovery requests contained 34 requests for production and 10 interrogatories. (*See* Pls.' First Interrogs. to Def. Truck Sales and Pls.' First Reqs. for Prod. to Def. Truck Sales, attached as Exhibits "E" and "F"). Based on information and belief, Truck Sales never responded to Plaintiffs' discovery requests. And, Plaintiffs did not move to compel discovery responses from Truck Sales.

22. Moreover, Plaintiffs have not taken any depositions of any witnesses from Truck Sales, including employees or corporate representatives.

23. Plaintiffs did not even file an opposition to Truck Sales Motion to Dismiss before filing their Notice of Partial Voluntary Dismissal of Truck Sales.

24. In the almost 19 months that the State Court Action was pending prior to Plaintiffs' voluntary dismissal of former Defendant Truck Sales, Plaintiffs did nothing or almost nothing to actively litigate their claims against Truck Sales.

25. Former Defendant Truck Sales' presence as a defendant in the State Court Action destroyed complete diversity. Only after Plaintiffs voluntarily dismissed Truck Sales did complete diversity exist between Navistar and Plaintiffs.

26. Plaintiffs intentionally kept Truck Sales in the State Court Action as a defendant in order to destroy complete diversity between Plaintiffs and Navistar and to keep the State Court Action out of federal court.

27. Plaintiffs' intentional acts and total failure to actively litigate their claims against Truck Sales – the "removal spoiler" – constitutes "bad faith" under 28 U.S.C. § 1446(c)(1).

## REMOVAL IS TIMELY

28. This Notice of Removal was filed within 30 days of Defendant Navistar's receipt of Plaintiffs' Notice of Partial Voluntary Dismissal as required by 28 U.S.C. § 1446(b)(3).

29. Although Defendant Navistar's Notice of Removal is filed more than one (1) year after the commencement of this action, Navistar's Notice of Removal remains timely as Plaintiffs acted in bad faith in order to prevent Navistar from removing the State Court Action, which tolls the one-year limitation period provided in 28 U.S.C. § 1446(b)(3). *See* 28 U.S.C. § 1446(c)(1).

**THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM**

30. For each of Plaintiffs' causes of action, Plaintiffs demand

Actual damages; [e]xemplary damages; [l]oss of profits; [d]owntime expenses and losses; [d]iminished resale value of the [Subject Trucks]; [o]ut-of-pocket repair expenses; [f]uel expenses incurred in excess of the represented amounts; [t]owing expenses; [l]odging expenses; [r]ental car expenses including fuel for same; [u]nreimbursed driver downtime; [l]oss of revenue; [o]ther economic, financial, consequential and incidental damages allowed by law or equity; [p]re and post-judgment interest; [c]osts of court; [r]easonable attorneys' fees; and [s]uch other and further relief to which Plaintiffs may show itself to be justly entitled at law or in equity.

31. Plaintiffs' Complaint and First Amended Complaint does not provide a demand for a specific sum of money, nor does it demand an award in excess of a specific sum of money. No monetary value of Plaintiffs' damages is provided in either the Complaint or First Amended Complaint. (*See* Exs. A and B).

32. However, in Plaintiffs' Initial Pretrial Statement, filed on or about July 22, 2016, Plaintiffs represented to the Court that the total amount of damages Plaintiffs sought in the State Court Action was approximately $1.75 million. A true and accurate copy of Plaintiffs' Initial Pretrial State is attached as Exhibit "H."

33. The amount in controversy is far in excess of the $75,000 minimum required for federal diversity jurisdiction under 28 U.S.C. § 1332(b).

**DIVERSITY JURISDICTION SATISFIED**

34. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that Plaintiffs' stated amount-in-controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1441(a). This Court may exercise supplemental jurisdiction over any remaining claims pursuant to 28 U.S.C. § 1367.

6

35. Defendant Navistar will promptly file a copy of this Notice with the Clerk of the Common Pleas Court of Licking County, Ohio, as required by 28 U.S.C. § 1446(d).

36. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received to date in the state court action are attached hereto as Exhibits "A," "B," "I," "J," "K," "L," and Composite Exhibit "M."

Respectfully submitted,

*/s/ Timothy C. Ammer*
TIMOTHY C. AMMER (0069784)
JASON A. GOLDEN (0077140)
LINDSAY M. UPTON (0092309)
MONTGOMERY, RENNIE & JONSON
36 East Seventh Street, Suite 2100
Cincinnati, Ohio  45202
Telephone:  (513) 241-4722
Facsimile:  (513) 241-8775
tammer@mrjlaw.com
jgolden@mrjlaw.com
lupton@mrjlaw.com
*Attorneys for Defendant Navistar, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was sent by E-mail and First Class United States Mail, postage prepaid, this 7th day of September, 2016, to:

| | |
|---|---|
| Warren M. Armstrong, Esq.<br>Miller Weisbrod, LLP<br>11551 Forest Central Drive<br>Forest Central II, Suite 300<br>Dallas, TX 75243<br>warmstrong@millerweisbrod.com<br>*Counsel for Plaintiffs* | Mark Kitrick, Esq.<br>Kitrick, Lewis & Harris Co., L.P.A.<br>445 Hutchinson Avenue #100<br>Columbus, OH 43235<br>mkitrick@kitricklaw.com<br>*Counsel for Plaintiffs* |

                              */s/ Timothy C. Ammer*
                              TIMOTHY AMMER